UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH BROBSTON, ) | |
| Petitioner, ) | |
| v. ) | Case No. 10-cv-1405 |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## O P I N I O N & O R D E R

Before the Court is the United States of America's Motion to Dismiss Kenneth Brobston's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (RII.7).[1] For the following reasons, Respondent's Motion is GRANTED and the Petition is DISMISSED WITH PREJUDICE.

### PROCEDURAL HISTORY

On December 20, 2001, an indictment was returned against Kenneth Brobston, charging him with Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, (Count 1); Possession of Equipment and Material for Manufacturing Methamphetamine, in violation of 21 U.S.C. § 843(a)(6), (Counts 2-5, 8-9); and Manufacturing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (Counts 6-7). (RI.19).

---

[1] References to documents in the record of Case No. 01-cr-10081 are to "RI_"; references to documents in the record of Case No. 10-cv-1405 are to "RII_".

On May 17, 2002, Brobston pleaded guilty to Count 1 at a change of plea hearing. (RI. Minute Entry 05/17/02). A written plea agreement was filed on that date as well. (RI.196). In the plea agreement, Brobston acknowledged that he had been informed that Count 1 carried a minimum mandatory term of imprisonment of twenty years if he had previously been convicted of a prior felony drug offense. (RI.196¶10). In his plea agreement, Brobston further agreed to waive his right to appeal and/or collaterally attack his conviction and/or sentence. (RI.196¶15). The Government agreed that Brobston qualified for a two- to three-level reduction in offense level under the United States Sentencing Guidelines. (RI.196¶18). In addition, the Government agreed to allow Brobston the opportunity to provide substantial assistance/cooperation to the Government, and to advise the Court of the nature, extent and value of any cooperation rendered by him. (RI.196¶22-28). Finally, Brobston executed the written plea agreement with an acknowledgment that he understood the agreement, that it was voluntary and of his own free will, that no threats had been made to induce him to plead guilty, and that he was satisfied with the legal services of his attorney. (RI.196¶32).

A sentencing hearing was held on January 8, 2003. (RI. Minute Entry 01/08/03). Based upon Brobston's prior felony drug conviction and the amount of controlled substance, Brobston was sentenced to the mandatory minimum term of 240 months of imprisonment. He was also sentenced to 10 years of supervised release, and ordered to pay a $100.00 special assessment. The Government moved to dismiss Counts 2-9 of the Indictment against Brobston. (RI. Minute Entry

01/08/03). This Court's Judgment was entered on January 13, 2003. (RI.288). No direct appeal was filed.

On December 31, 2003, a motion to reduce (Rule 35) was filed by the Government. (RI.381). A telephone hearing was held on March 25, 2004 (RI. Minute Entry 03/25/04) and, as a result of the hearing, an Amended Judgment was filed on March 26, 2004, reducing Brobston's sentence to 192 months of imprisonment. All other aspects of Brobston's sentence remained as previously imposed. (RI.406; Minute Entry 03/25/04).

Although in his plea agreement Brobston waived his right to pursue collateral relief, on December 13, 2010, he filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (RII.1). In his motion, Brobston claims that 1) his sentence was improperly enhanced for a prior State drug conviction; 2) his conviction was the result of "double jeopardy" because he had previously been convicted in State court for possession of a controlled substance; 3) he received ineffective assistance of counsel because his attorney failed to object to portions of the presentence report that Brobston feels were incorrect; 4) he received ineffective assistance of counsel because his attorney misrepresented facts to him at the sentencing hearing; and 5) he was denied his "right to speak at sentencing." (RII.1). Brobston acknowledges that he received a Rule 35 reduction as a result of his guilty plea, and that he "does not dispute that or his guilt." (RII.1¶18).

By Text Order entered on December 16, 2010, this Court analyzed Brobston's Petition, and found that there could be merit to some of these grounds. Pursuant to

Rule 4 of the Rules Governing § 2255 Petitions, the Court ordered the Respondent to file an answer, motion, or other responsive pleading to the Petitioner's claims within 60 days. Respondent complied, and on February 14, 2011 it filed its instant Motion to Dismiss. (RII.7). Respondent seeks to have Petitioner's Petition dismissed as untimely under 28 U.S.C. § 2255(f). (RII.7). On August 3, 2010, Petitioner filed his timely Response. (RII.8).

## DISCUSSION

28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. Absent (1) an unconstitutional governmental impediment to filing, (2) a newly recognized or retroactively applicable constitutional right, or (3) a subsequently discovered factual predicate for the claims for relief, the applicable limitations period begins on the date the challenged judgment becomes final. 28 U.S.C. § 2255(f)(1)-(4). Because Brobston does not claim that (1)-(3) applies to this case, the applicable period of limitations in this case is one year from the date the judgment became final. This Court sentenced Brobston on January 8, 2003 and entered the written judgment on Brobton's conviction on January 13, 2003. Since Brobston did not appeal his conviction, his judgment became final ten business days thereafter, when he could no longer seek appellate review. FED. R. APP. PROC. 4(b)(1)(A).[2] Brobston's Petition was not filed until December 13, 2010, almost seven years after his period of

---

[2] This period was extended to 14 days, effective December 1, 2009, by U.S. Order 09-15.

4

limitations expired. (RII.1). Consequently, Brobston's Petition is time barred unless he is able to establish an entitlement to equitable tolling. *Robinson v. U.S.*, 416 F.3d 645 (7th Cir. 2005).

Equitable tolling excuses an untimely filing when "[e]traordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006) quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Before equitable tolling can apply, Brobston must show that first, extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his Petition and, second, that he has diligently pursued his claim, despite any obstacles. *Pace v. Diuglielmo*, 544 U.S. 408, 418 (2005); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Equitable tolling is an "extraordinary remedy reserved for truly exceptional situations." *Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (Noting that the court "ha[s] yet to identify a circumstance that justifies equitable tolling in the collateral relief context."); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (equitable tolling rarely granted).

Here, Brobston's explanation for the untimely filing is that he didn't have timely access to his presentence report and he lacked knowledge of the law. With respect to Petitioner's alleged lack of timely access to the presentence report, this is not enough to justify equitable tolling. The case of *Lloyd v. Van Natta*, 296 F.3d 630

(7th Cir. 2002), is instructive. There, in the context of a federal habeas case,[3] Petitioner claimed that he was entitled to equitable tolling on the ground that he allegedly did not have access to his trial transcripts. However, the Court noted that Lloyd was present at his trial and therefore knew the basis on which he could have asserted his claim of prosecutorial misconduct. Consequently, possession of the transcript was not necessary to proceed with filing a habeas petition and the Court affirmed the dismissal of Lloyd's petition. By analogy, the same could be said of the presentence report. Brobston was present at his sentencing – consequently, Brobston was privy to the factors which persuaded the Court to impose the sentence that it did. Therefore, Brobston's lack of his presentence report does not entitle him to equitable tolling because Petitioner's lack of this report did not prevent him from timely filing his § 2255 claim.

Turning next to Brobston's claim that his lack of legal knowledge caused him to be delinquent, this argument must fail as well. It is well-established that a lack of legal knowledge is not sufficient to merit equitable tolling. *See, e.g., Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (lack of legal expertise is not a basis for equitable tolling); *Marcello*, 212 F.3d at 1010 (equitable tolling not warranted by unclear law); Montenegro *v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by, inter alia, lack of legal knowledge), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).

---

[3] As noted by the Ninth Circuit in *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir.), the Supreme Court has interpreted the statute of limitations provisions of 28 U.S.C. § 2244 and 28 U.S.C. § 2255 in concert with one another. *See, e.g., Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001) (plurality op. of O'Connor, J.).

Brobston also provides no evidence that he has diligently pursued his claim, despite any obstacles. *Pace*, 544 U.S. at 418 (petitioner must diligently pursue claim to be entitled to equitable tolling). He makes no explanation for the seven-year time lapse, other than he was learning the legal system, he was insecure about filing a petition, and he didn't have access to his presentence report. (RII.1 at 12). He does not show or even mention what steps he took to diligently pursue his claims. Instead, he asks this Court "to be lenient and disregard the one year statute." (Id.)

For the foregoing reasons, the Court concludes that Brobston's Petition is untimely and that he is not entitled to equitable tolling. Consequently, Respondent's Motion to Dismiss must be GRANTED.

### CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his section 2255 case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a petition on procedural grounds, such as untimeliness, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1).

Based upon the record before it, the Court cannot find reasonable jurists would debate that Petitioner's claim is time-barred. The Petitioner himself admits that he is beyond the one-year statute. (RII.1 at 12). Nor does the Court find Petitioner's entitlement to equitable tolling to be debatable. The law is clear that a lack of legal knowledge is not sufficient to entitle Petitioner to equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). The law is also clear that failure to obtain possession of an important document, such as a transcript or presentence report, does not entitle Petitioner to equitable tolling. *Lloyd v. Van Natta*, 296 F.3d 630 (7th Cir. 2002). Finally, there is nothing in the record to indicate that Petitioner has been diligently pursuing his claim for the past seven years, which is another requirement to qualify for equitable tolling. *Pace*, 544 U.S. at 418. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (RII.7) is GRANTED, and a certificate of appealability is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>6th</u> day of June, 2011.

                                                                    s/ Joe B. McDade
                                                              JOE BILLY McDADE
                                        United States Senior District Judge